UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNER FITZGERALD JACKSON          CIVIL ACTION NO. 08-0422-P

VERSUS                             JUDGE WALTER

KATHY BIEDENHARN, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Kenner Fitzgerald Jackson ("Plaintiff") is a prisoner in the custody of the Bureau of Prisons who is housed at the City of Faith halfway house in Shreveport. Plaintiff filed this civil action against three officials at City of Faith. His primary complaints are based on racial discrimination. Plaintiff, who states that he is black, alleges that he was disciplined more harshly for misconduct than a white resident who violated the same rules, and the discipline prevented Plaintiff from accepting available employment. Plaintiff also claims that he was denied permission to go to a public law library to conduct research regarding litigation that he filed in Florida, denied leave to have a cell phone or laptop computer, denied the ability to visit an opthamologist regarding an (unspecified) eye condition, denied a visit to a dentist for (unspecified) dental care, denied the purchase of personal hygiene articles and a haircut, and subjected to other, similar denials. Plaintiff alleges that all of these actions or denials were based on racial discrimination, and he seeks several million dollars in damages.

Plaintiff's complaint, under the heading Emergency Injunctive Prayer, asks the court to issue a temporary injunction "because of the serious nature of the Complaint" and his contention that Defendants will return him to prison because of this suit. Plaintiff asks that the court bar Defendants from removing him from this court's venue, bar Defendants from retaliating against Plaintiff, and bar Defendants from discriminating with respect to the various matters (employment, laptop, cell phone, etc.) discussed above.

Before the court is a Motion for Leave to Expedite Service of Complaint and Issue Injunction (Doc. 7). Earlier on the day Plaintiff filed his motion, the court issued an order that Plaintiff prepare service documents so that each defendant can be served and required to respond to the complaint. Thus, with respect to service of the complaint, the ball is now in Plaintiff's court. Service will be made promptly as soon as Plaintiff returns the necessary documents and provides the necessary copies for service.

Plaintiff requests immediate injunctive relief in both his complaint and his motion. Temporary or preliminary injunctive relief is extraordinary in nature and requires a strong showing by the applicant. To obtain the relief he seeks, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff's many allegations set forth in his complaint are conclusory in nature. For example, Plaintiff alleges that Defendants denied his requests for a cell phone and laptop computer and that the denial was "to discriminate against the Plaintiff, and contrary to inmates with community custody status, the status of the Plaintiff, causing actual and direct injury to the Plaintiff." The allegations underlying his other claims are substantially similar in their lack of specific factual information. Such conclusory assertions may satisfy the notice pleading requirement of Fed. R. Civ. Proc. 8(a) to state a claim, but they are woefully insufficient to establish a substantial likelihood of success on the merits of the claim. Similarly, Plaintiff has failed to articulate any facts that would demonstrate a substantial threat of irreparable injury absent immediate injunctive relief.

Petitioner also asks the court to issue injunctive relief in connection with what Plaintiff characterizes as a retaliatory transfer from the halfway house to prison. The factual extent of Plaintiff's submission on this issue is an assertion in his motion that: "The Defendants has [sic] retaliated against the Plaintiff for filing a suit against them, by directing the U.S. Marshal to return the Plaintiff to custody of the Bureau of Prisons."

The BOP has exclusive authority to designate the place of incarceration for a federal prisoner who has been sentenced to a term of imprisonment. 18 U.S.C. § 3621(b). The executive branch and not the judicial branch is responsible for administering sentences. U.S. v. Voda, 994 F.2d 149 (5th Cir. 1993). The court is simply without authority to designate a

facility in which a sentenced prisoner is to serve his sentence. Antonelli v. Miles, 2007 WL 788341 (E.D. Tex. 2007), affirmed, 2008 WL 1790380 (5th Cir. 2008).

There may be grounds for a court to intrude into that decision if a constitutional claim of retaliation for access to the courts is established, but the court need not address that possibility further because Plaintiff has not presented an adequate factual basis to make out such a claim. To state a retaliation claim under Bivens, a prisoner must allege: (1) a specific constitutional right, (2) the defendants' intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. Lerman v. Federal Bureau of Prisons, 2003 WL 22121092 (M.D. Tex. 2003), citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). The prisoner must allege more than his mere personal belief that he is the victim of retaliation, and conclusory allegations are not sufficient. Id. See also Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). Plaintiff must establish that but for the retaliatory motive the transfer would not occur, and he must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Id.

Plaintiff has not pleaded sufficient facts in his submissions to warrant further exploration of his right to preliminary injunctive relief. All such requests should be denied. Plaintiff should focus his efforts on serving his complaint. The court will then proceed to address the merits, and that process will occur more swiftly if the case is not complicated by and cluttered with meritless motions.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to Expedite Service of Complaint and Issue Injunction (Doc. 7) be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of May, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE