U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 3 0 2010

TONY R. M????  ?????RK
BY_____DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**KENNER JACKSON**

**VERSUS**

**KATHY BIEDENHARN, ET AL.**

**CIVIL ACTION NO. 08-422-P**

**JUDGE DONALD E. WALTER**

**MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Rec. Doc. #93] filed by

Defendants, Kathy Biedenharn, et al.  Plaintiff opposes this motion. [Rec. Doc. #118].  For the

reasons assigned herein, Defendants' motion is **GRANTED.**

## I.   FACTUAL BACKGROUND

Kenner Fitzgerald Jackson ("Plaintiff") is a prisoner in the custody of the Bureau of

Prisons who was housed at the City of Faith ("COF") halfway house in Shreveport. Plaintiff

filed this civil action against several officials at COF in their individual capacity. His primary

complaints are based on racial discrimination. Plaintiff, who states that he is black, alleges that

he was disciplined more harshly for misconduct than a white resident who violated the same

rules, and the discipline prevented Plaintiff from accepting available employment. Plaintiff also

claims that he was denied permission to go to a public law library to conduct research regarding

litigation that he filed in Florida, denied the ability to visit a medical doctor for an unspecified

condition, denied a visit to a dentist for (unspecified) dental care, denied the purchase of personal

Page 1

hygiene articles and a haircut, and subjected to other, similar denials. Plaintiff alleges that all of these actions or denials were based on racial discrimination, and he seeks several billion dollars in damages.

According to the Plaintiff's Opposition to the present motion for summary judgment the only claims remaining before this Court are "Racial Discrimination Complaint, and Retaliation Complaint, pursuant to 42 USC [sic] §§ 1981; 1982, 1985 and 1986." [Rec. Doc. #118 at 3].

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). A genuine issue can be resolved only by a trier of fact because it may be resolved in favor of either party. *Id.* at 248-49, 106 S.Ct. at 2510. A fact is "material" if it can "affect the outcome of the suit under the governing law." *Id.* Facts that are irrelevant or unnecessary for determination of the suit should not be considered. *Id.* The substantive law will determine which facts are "material." *Id.*

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden by (1) showing there is no evidence to support an essential element of the plaintiff's claim, or (2) submitting summary judgment evidence that negates one

of the essential elements of the plaintiff's claim. *Id.* 477 U.S. at 322-24, 106 S.Ct. at 2553;

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). If the motion

is properly made, the plaintiff "must set forth facts showing that there is a genuine issue for

trial." *Anderson*, 477 U.S. at 250; 106 S.Ct. at 2511. This burden is not satisfied by "some

metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d

536, 540 (5th Cir. 2005). Instead, the plaintiff "must go beyond the pleadings and designate

specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas

Tech. Univ.,* 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

     The standard for summary judgment mirrors the standard for a directed verdict under

FED. R. CIV. P. 50(a). As the Supreme Court has oft repeated:

> "Nor are judges any longer required to submit a question to a jury merely because
> some evidence has been introduced by the party having the burden of proof,
> unless the evidence be of such a character that it would warrant the jury in finding
> a verdict in favor of that party. Formerly it was held that if there was what is
> called a *scintilla* of evidence in support of a case the judge was bound to leave it
> to the jury, but recent decisions of high authority have established a more
> reasonable rule, that in every case, before the evidence is left to the jury, there is a
> preliminary question for the judge, not whether there is literally no evidence, but
> whether there is any upon which a jury could properly proceed to find a verdict for
> the party producing it, upon whom the *onus* of proof is imposed."

*Anderson,* 477 U.S. at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 81 U.S. 442,

448, 20 L.Ed. 867 (1872)). In essence, the inquiry for the court is "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. All

reasonable doubts about the facts are to be resolved in favor of the plaintiff. *Cooper Tire &*

*Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).

## III.    DISCUSSION

1.    <u>42 U.S.C. § 1981</u>

42 U.S.C. § 1981 states:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

Jackson's discrimination claims under § 1981 "require the same proof to establish liability" as does a Title VII claim. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 422 n. 1 (5th Cir. 2000). Jackson's claim is based on circumstantial evidence, and this Court reviews such claims under the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). The *McDonnell Douglas* burden-shifting framework is a familiar one, and this Court lays its focus on

Page 4

the third step in the framework.[1] Under the third step, Jackson has the burden of producing evidence that would allow a reasonable jury to find that Biedenharn et al.'s proffered reasons were pretexts for discrimination. *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) ("To carry this burden, the plaintiff must rebut each nondiscriminatory ... reason articulated by the employer."); *Mayberry*, 55 F.3d at 1091. This Court finds that Jackson failed to carry his burden.

In the Defendants' motion for summary judgment, they allege two legitimate nondiscriminatory reasons for not allowing Jackson to leave the COF premises at the time he alleges that his right to contract was infringed. [Rec. Doc. #93-1 at 2]. First, the Defendants explain and demonstrate with competent summary judgment evidence that Jackson had persistent behavioral problems warranting the restrictions. *See* Rec. Doc. #93-4 at 1-50 and Rec. Doc. #93-6 at 37-38. Jackson only challenges two of these incident reports in his opposition. Even if this Court discounts those two incidents, genuine issues of material fact are not present because his personnel file demonstrates the COF had ample legitimate, nondiscriminatory reasons for their restrictions. According to the COF's Terminal Report on Jackson,

> While at City of Faith, Resident Jackson did not make an adequate facility adjustment. Resident Jackson participated in staff counseling but did not respond in an acceptable manner to staff guidance. He did not establish a good line of communication with staff and interacted in an inappropriate manner with other residents. Due to his behavior demonstrated while at City of Faith,

---

[1] Under the first step in the framework, Jackson had to establish a prima facie case of discrimination, *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir.1995), and this Court assumes for purposes of this motion that Jackson has established a prima facie case. In the second step, Biedenharn, et al. have the burden of producing legitimate non-discriminatory reasons for Jackson's treatment, *id.*; this Court finds that Biedenharn, et al. satisfied that burden.

we are unable to make a positive prognosis for Resident Jackson.

[Rec. Doc. #93-6 at 38].  Secondly, and perhaps most importantly, Lacy Johnston's

uncontradicted affidavit shows that:

> Due to Mr. Jackson having violated numerous BOP regulations
> while at the COF in Shreveport, Mr. Stacey Hollister of the BOP,
> instructed COF staff not to allow Mr. Jackson to leave the home.
> The only reason Mr. Jackson was not allowed to leave the COF
> home was due to the instructions and directives of the BOP, which
> COF staff are required to follow.

[Lacy Johnston Affidavit ¶5].

Jackson has failed to produce evidence to allow a reasonable jury to find that the

Defendants proffered reasons were pretext for discrimination.

As such, the Defendant's motion for summary judgment on this issue is granted.

2.      42 U.S.C. § 1982

42 U.S.C. § 1982 states:

> All citizens of the United States shall have the same right, in every
> State and Territory, as is enjoyed by white citizens thereof to
> inherit, purchase, lease, sell, hold, and convey real and personal
> property.

The express language of the statute relates to "real or personal property."  Employment rights do

not fall within the category of property protected by 42 U.S.C. § 1982.  *See Segura v. Tex. Dept.*

*of Human Services*, 2001 WL 68174, *7 (W.D. Tex. 2001).[2]  Plaintiff has not demonstrated that

any property rights protected by 42 U.S.C. § 1982 have been impaired.

As such, the Defendant's motion for summary judgment on this issue is granted.

---

[2]Footnote 74 lists multiple cases from around the country that support this finding.

Page 6

3.     42 U.S.C. § 1985(3)[3]

42 U.S.C. § 1985(3) states:

>     (3) Depriving persons of rights or privileges
>
>     If two or more persons in any State or Territory conspire or go in
>     disguise on the highway or on the premises of another, for the
>     purpose of depriving, either directly or indirectly, any person or
>     class of persons of the equal protection of the laws, or of equal
>     privileges and immunities under the laws; or for the purpose of
>     preventing or hindering the constituted authorities of any State or
>     Territory from giving or securing to all persons within such State
>     or Territory the equal protection of the laws; or if two or more
>     persons conspire to prevent by force, intimidation, or threat, any
>     citizen who is lawfully entitled to vote, from giving his support or
>     advocacy in a legal manner, toward or in favor of the election of
>     any lawfully qualified person as an elector for President or Vice
>     President, or as a Member of Congress of the United States; or to
>     injure any citizen in person or property on account of such support
>     or advocacy; in any case of conspiracy set forth in this section, if
>     one or more persons engaged therein do, or cause to be done, any
>     act in furtherance of the object of such conspiracy, whereby
>     another is injured in his person or property, or deprived of having
>     and exercising any right or privilege of a citizen of the United
>     States, the party so injured or deprived may have an action for the
>     recovery of damages occasioned by such injury or deprivation,
>     against any one or more of the conspirators.

In order to establish a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a

conspiracy between two or more individuals; (2) for the purpose of depriving a person or class of

people of the equal protection of the laws or of equal privileges and immunities under the laws;

and (3) an act committed in furtherance of the conspiracy that injures a person or deprives him of

a right or privilege of a citizen of the United States. *See Deubert v. Gulf Fed. Savings Bank*, 820

---

[3]By the express language of 42 U.S.C. §1985, paragraph (3) is the only one that could
possibly apply.

Page 7

F.2d 754, 757 (5th Cir.1987). Furthermore, the only type of conspiracy actionable under §

1985(3) is one motivated by racial animus. *Id.*; *Daigle v. Gulf States Utils. Co.*, 794 F.2d 974,

979-80 (5th Cir.1986). A § 1985(3) plaintiff must proffer evidence of "invidiously

discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88,

102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also Earnest v. Lowentritt*, 690 F.2d 1198,

1202-03 (5th Cir.1982). Plaintiff has merely alleged:

> On January 31, 2008, the White contractor was allowed to exercise
> his "Rights" and "Privileges" to employment, even on "restricted
> status" the same "status" as the Plaintiff . . . defendants
> intentional[ly] and voluntarily conspired to deny Plaintiff the same
> "rights" enjoyed by White citizens, because of his race.

[Amended Complaint ¶4]. These combined with the other statements from his verified

complaint do not rise to the level of "animus." Therefore, his claim under 42 U.S.C. § 1985(3)

must fail.

As such, the Defendant's motion for summary judgment on this issue is granted.

4. <u>42 U.S.C. § 1986</u>

42 U.S.C. § 1986 states:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, *and mentioned in section 1985 of this title*,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence could
> have prevented; and such damages may be recovered in an action
> on the case; and any number of persons guilty of such wrongful
> neglect or refusal may be joined as defendants in the action; and if
> the death of any party be caused by any such wrongful act and
> neglect, the legal representatives of the deceased shall have such

> action therefor, and may recover not exceeding $5,000 damages
> therein, for the benefit of the widow of the deceased, if there be
> one, and if there be no widow, then for the benefit of the next of
> kin of the deceased. But no action under the provisions of this
> section shall be sustained which is not commenced within one year
> after the cause of action has accrued.

(Emphasis added).

Without an underlying § 1985 violation, Jackson's § 1986 claim necessarily fails as well.

42 U.S.C. § 1986. *See Harris v. Travis*, 55 Fed. Appx. 716, *3 (5th Cir. 2002) and *Newberry v.*

*East Tex. State Univ.*, 161 F.3d 276, 281 n.3 (5th Cir. 1998).

As such, the Defendant's motion for summary judgment on this issue is granted.

## IV.    CONCLUSION

Accordingly, the Court finds there is no genuine issue of material fact and Kathy

Biedenharn, et al. are entitled to judgment as a matter of law.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30ᵗʰ day of August,

2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE